UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD HAINES, # 137036, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:03-cv-182 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| JOSEPH WOHLFERT, et al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | |
| ) | |

This was a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §1983. Plaintiff filed his complaint on December 22, 2003. On February 22, 2005, the court entered judgment in favor of defendant Wohlfert. (docket # 69).[1] Defendant filed a timely motion to tax costs in the amount of $71.75. (docket # 81). On March 23, 2005, the court issued an order directing plaintiff to file a response to defendant's motion. (docket # 84). Plaintiff filed his response on April 7, 2005. (docket # 87) and the matter is ready for decision.

Generally, costs other than attorney's fees are allowed as a matter of course to the prevailing party unless the court otherwise directs. FED. R. CIV. P. 54(d). This language creates a presumption in favor of awarding costs. *See Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 770 (6th Cir. 1999). In its discretion, the court does not find that any relevant factor weighs sufficiently in plaintiff's favor to provide a basis for disturbing the presumption of awarding costs to the prevailing party. *See Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). Defendant's

---

[1] On March 31, 2005, the United States Court of Appeals for the Sixth Circuit dismissed plaintiff's appeal for want of prosecution. (docket # 86).

motion is supported by verification that each item of cost or disbursement was correct and had been necessarily incurred in this action and that the services for which fees had been charged were actually and necessarily performed. Plaintiff has not objected to the reasonableness or appropriateness of any cost item sought by defendant. The court finds that the costs sought by defendant are authorized by statute and are reasonable in nature and amount. Costs in the amount of $71.75 are therefore approved. Judgment will be entered in defendant's favor in that amount.

Plaintiff filed his complaint years after the effective date of the Prison Litigation Reform Act. All costs incurred by defendant in this case were incurred after the effective date of the PLRA. The Prison Litigation Reform Act establishes a statutory formula for periodic payment of costs taxed against prisoner litigants. 28 U.S.C. §§ 1915 (b)(2), (f)(2)(B). Under the PLRA, each plaintiff is required to make an initial payment of costs equal to twenty-percent of the greater of (a) the average monthly deposits to his prison account, or (b) the average monthly balance in his account over a six-month period. 28 U.S.C. § 1915(f)(2)(B). Plaintiff's certificate establishing prisoner account activity (docket # 85) shows an average monthly account deposit of $26.67, and twenty percent of that is $5.33. Therefore, $5.33 is immediately payable by plaintiff to the Michigan Attorney General's Office. The remaining $66.42 is to be paid by plaintiff to the Michigan Attorney General's Office by withdrawing twenty-percent of the monthly income credited to plaintiff's account until paid in full. 28 U.S.C. § 1915(b).

The Michigan Department of Corrections is not required to immediately forward withdrawn funds totaling less than $10.00 to the State Attorney General's Office, but must take steps to make sure that the total amount withdrawn does not exceed the $71.75 in costs awarded against plaintiff.  28 U.S.C. § 1915(f)(2)(C).

Date:     May 10, 2005                             /s/ Robert Holmes Bell
                                                                                  ROBERT HOLMES BELL
                                                                                  CHIEF UNITED STATES DISTRICT  JUDGE